UNITED STATES DISTRICT COURT
                            DISTRICT OF MINNESOTA

STATE OF MINNESOTA,                              Case No. 19-CR-0121 (PJS)

                Plaintiff,

v.                                               ORDER REMANDING CASE

AARON J. CURRY,

                Defendant.


      This matter is before the Court on defendant Aaron Curry's removal, pursuant to 28 U.S.C. § 1443, of what appear to be two state-court criminal cases. Under 28 U.S.C. § 1455(b)(4), the Court must promptly examine any notice of removal of a state criminal prosecution and summarily remand the case "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted . . . ." Having examined Curry's filings, the Court determines that summary remand is required.[1]

      Section 1443(1) permits removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons

---

      [1]The Court notes that in addition to being substantively improper, Curry's removal appears to be procedurally defective in multiple respects. *See* 28 U.S.C. § 1455(a), (b)(1) (requiring that a notice of removal of a criminal prosecution include copies of all process, pleadings, and orders and be filed not later than 30 days after arraignment in state court).

within the jurisdiction thereof . . . ." Removal jurisdiction under § 1443(1) is very narrow: "Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." *Georgia v. Rachel*, 384 U.S. 780, 800 (1966). Curry cites no such law and does not otherwise plausibly allege an inability to enforce his federal rights in state court. As a result, he has failed to show sufficient grounds for removal under § 1443(1).

Likewise, Curry cannot show grounds for removal under § 1443(2), as that provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Curry does not allege that he is such an officer or agent, and this case must therefore be summarily remanded.

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED THAT:

1. Defendant's application to proceed *in forma pauperis* [ECF No. 2] is DENIED AS MOOT.

2.  This case is REMANDED to the Minnesota District Court, Fourth Judicial District.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 23, 2019                s/Patrick J. Schiltz
                                     Patrick J. Schiltz
                                     United States District Judge